IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00493-RJC
(3:13-cr-00139-RJC-1)

| | |
|---|---|
| RON MCQUAY GARLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On August 12, 2013, Petitioner was convicted by a jury in this District on one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (3:13-cr-00139, Doc. No. 21: Jury Verdict). On February 3, 2014, Petitioner was sentenced to a term of 84-months' imprisonment and he did not appeal. (Id., Doc. No. 31: Judgment). On or about August 24, 2015, Petitioner filed a pro se § 2255 Motion to Vacate which was dismissed as untimely and Petitioner did not appeal. (3:15-cv-00391-RJC, Doc. No. 4: Order).

In the present § 2255 Motion to Vacate, Petitioner contends that he is entitled to relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional. (3:16-cv-00493, Doc.

1

No. 1).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As § 2244 plainly demonstrates, the Circuit Court must grant authorization to file a successive § 2255 motion and Petitioner has offered no evidence that he has obtained the necessary authorization. Consequently, this Court is without jurisdiction to consider Petitioner's present claim for relief, and his motion will therefore be dismissed. See Burton v. Stewart, 549 U.S. 147, 152-153 (2007).

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED WITHOUT PREJUDICE** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: July 26, 2016

*[signature]*

Robert J. Conrad, Jr.
United States District Judge